# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

| | |
|---|---|
| GENKA POPOV, an individual; | CASE NO: 3:17-cv-02688 |
| Plaintiff, | JUDGE: |
| vs. | COMPLAINT FOR VIOLATION OF: |
| UNIVERSITY PHYSICIANS & SURGEONS, INC., LONG TERM DISABILITY PLAN, an Employee Welfare Benefit Plan; THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin Corporation; and DOES 1 through 5, inclusive, | ERISA SECTION 502(a)(1)(B) [29 USCS 1132(a)(1)(B)] [29 USCS 1132(g)] |
| Defendants. | |

Plaintiff, Genka Popov ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Boyd County, Kentucky. She was an employee of University Physicians & Surgeons, Inc. ("University Physicians"). By virtue of her employment, she qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, University Physicians & Surgeons, Inc., Long Term Disability Plan, is an employee welfare benefit plan, organized and existing under the laws of West Virginia and doing business in the Southern District of West Virginia.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") is a corporation existing under the laws of Wisconsin and doing business in the Southern District of West Virginia.

4. The true names and capacities of the Defendants sued herein as Does 1 through 5, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and on that basis alleges that each of the Doe Defendants, as well as the named Defendants, is responsible in some manner for the events, happenings and damages alleged herein. Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of the Doe Defendants when and if they are ascertained.

### Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e) (1) (Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division).

6. University Physicians adopted an employee benefit plan titled the University Physicians & Surgeons, Inc., Long Term Disability Plan ("the Plan"). The Plan was at all material times a duly organized, existing and qualified plan. A copy of the Plan is attached hereto as *Exhibit* A and incorporated herein by reference.

7. The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

8.   All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable.  Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9.   The Plan provided for the payment of disability benefits in the event a Plan participant became disabled.

10.   According to the terms of the Plan, disability is defined in the following ways:

**Own Occupation Definition of Disability**

During the period preceding your Beginning Date and during the Own Occupation Period you are required to be Disabled only from your Own Occupation.  You are Disabled from your Own Occupation if, as a result of Sickness, Injury, or Pregnancy, you are unable to perform with reasonable continuity the Material Duties of your Own Occupation. You may meet the Own Occupation Definition of Disability while working in another occupation.

**Any Occupation Definition of Disability**

During the Any Occupation Period you are required to be Disabled from all occupations.  You are Disabled from all occupations if, as a result of Sickness, Injury, or Pregnancy, you are unable to perform with reasonable continuity the Material Duties of any gainful occupation for which you are reasonably fitted by education, training, and experience.

**Partial Disability Definition**

During the period preceding your Beginning Date and during the Own Occupation Period, you are Partially Disabled if you are working in your Own Occupation but, as a result of Sickness, Injury, or Pregnancy, you are unable to earn more than the Own Occupation Income Level. During the Any Occupation Period, you are Partially Disabled if you are working in an occupation but as a result of Sickness, Injury, or Pregnancy, you are unable to earn more than the Any Occupation Income Level in that occupation and in all other occupations for which you are reasonable suited under Any Occupation Definition of Disability. Your Any Occupation Period, Any Occupation Income Level, Own Occupation Period and Own Occupation Income Level are shown in the Specification.

3

11. On or about April 18, 2016, the Plaintiff became disabled under "Own Occupation," "Any Occupation" and/or "Partial Disability" definitions of the Plan.

12. On April 25, 2016, Northwestern Mutual received the Plaintiff's application for disability benefits. See, Disability New Claim Record, attached hereto as *Exhibit* B.

13. On August 8, 2016, Defendant, Northwestern Mutual denied the Plaintiff's claim for benefits under the "Own Occupation Definition of Disability," the "Any Occupation Definition of Disability" and the "Partial Disability Definition."

14. On February 2, 2017, the Plaintiff appealed the decision of Defendant, Northwestern Mutual to deny the Plaintiff's claim under the "Own Occupation Definition of Disability," the "Any Occupation Definition of Disability" and the "Partial Disability Definition."

15. On March 24, 2017, Defendant Northwestern Mutual denied the Plaintiff's appeal for disability benefits. The Defendant stated: "According to the When Insurance Ends provision of the Group Policy (copy enclosed), Ms. Popov was no long [sic] insured for LTD benefits as of July 29, 2016, which would include her right distal radius malunion fracture, ulnar impaction syndrome, DRUJ incongruity, and disorder of the trigeminal nerve."

16. The Plaintiff, however, was in fact employed by University Physicians & Surgeons, Inc., until August 1, 2016. The employer had paid for the Northwestern Mutual Disability benefits, for the Plaintiff, under the Plan through August 31, 2016. See letter from University Physicians & Surgeons, Inc., attached hereto as *Exhibit* C.

17. The March 24, 2017 denial exhausted all available administrative remedies for the Plaintiff's LTD claim.

18. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

    a. The opinions of her treating physicians, *Exhibit* D; and

    b. The opinion of her treating physical therapist that she tested below the sedentary demand level, *Exhibit* E.

19. Notwithstanding Defendants' review, the Plaintiff is disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for the Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

20. The Court has de novo authority to review the decision of the Plan.

## FIRST CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants University Physicians & Surgeons, Inc., Long-Term Disability Plan, The Northwestern Mutual Life Insurance Company and DOES 1 through 5, inclusive.)**

21. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20, inclusive.

22. The Plaintiff is due rights and benefits under the terms of the Plan.

23. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

24. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

25. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

26. As a further direct and proximate result of the Defendants' actions the Plaintiff has incurred and will incur in the future, attorney's fees and costs in an amount to be proven.

**WHEREFORE,** the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

3. Awarding the Plaintiff prejudgment interest to the date of judgment;

4. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

DATED: 5/3/2017

UNDERWOOD LAW OFFICES

By: _____
Mark F. Underwood, WVSB#7023
Counsel for Plaintiff
GENKA POPOV
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (972) 292-7828
Email: munderwood@underwoodlawoffices.com